# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SIERRA CLUB | ) | |
| a non-profit corporation, | ) | |
|     2101 Webster Street, Ste. 1300 | ) | |
|     Oakland, California 94612 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|         v. | ) | Case No. |
| | ) | |
| U.S. ARMY CORPS OF ENGINEERS, | ) | |
| 441 G Street NW | ) | |
| Washington, DC 20314-1000 | ) | |
| | ) | |
|     Defendant. | ) | |

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND OTHER RELIEF

### NATURE OF THE CASE

This Complaint challenges the unlawful denial of access to plaintiff Sierra Club of documents in the possession of defendant U.S. Army Corps of Engineers ("the Corps") in violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

1.      On May 29, 2015, Sierra Club submitted a FOIA request to the Corps of Engineers-Little Rock District seeking documents related to Permit file SWL 2013-00260 of the Corps and the State of Missouri pursuant to Section 404 of the Clean Water Act. The Corps received the request on the same day.

2.      The Corps granted a fee waiver on June 11, 2015.

3.      On August 25, 2015, the Corps informed Sierra Club that it would take ten weeks to process the request and offered to "send the releasable documents within the next few days" or forward the case to the Office of Counsel in Dallas for final determination. Sierra Club asked if it would be possible to send the "releasable documents" first and send correspondence after review and redaction. The Corps said it could do so.

4.      On October 16, 2015, the Little Rock District informed Sierra Club that the information sought might be exempt, and that the request had been forwarded to the Office of Counsel for final determination. On December 8, 2015, the Dallas Office informed Sierra Club that it was returning the file to the Little Rock District for additional information.

5.      To date, the Corps has not released any documents pursuant to the request of May 29, 2015, in violation of 5 U.S.C. § 552(a)(6)(A)(i), which requires Defendant to make a determination with respect to any request within twenty days (20) after receipt of such request.

6.      The Corps' withholding of the entire file violates 5 U.S.C. §§ 552(a)(3), 552(a)(6), and 552(b).

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under the FOIA.

8.      Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides that venue for FOIA cases against federal governmental agencies is proper in the District of Columbia.

9.      Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

10.     Plaintiff Sierra Club is a nonprofit organization organized and existing under the nonprofit corporation laws of the state of California. Sierra Club has more than 600,000 members nationally and over 8,600 members in Missouri. Sierra Club exists for the purposes of promoting clean water and air, protecting wetlands, and ensuring a healthy environment. Many of its members are interested in promoting clean water, clean air, clean energy, and a healthy environment. Sierra Club tracks mitigation projects intended to compensate for wetlands destroyed in development projects, and educates and informs the public about pending threats to wetlands as well as other issues, and disseminates information through its newsletters and active website to its own supporters, as well as to the memberships of other conservation organizations, locally as well as nationally. Sierra Club brings these claims on its own behalf, and on behalf of its members.

11.     Defendant U.S. Army Corps of Engineers is an agency within the Department of the Army subject to the FOIA. 5 U.S.C. § 552(f)(1). It is charged, pursuant to Section 404 of the Clean Water Act, with regulating the discharge of dredge and fill material into the jurisdictional waters of the United States. The Corps has possession and control of the records Plaintiff seeks, which were compiled pursuant to § 404 of the Clean Water Act.

## FACTUAL BACKGROUND

12.     On May 29, 2015, Sierra Club submitted a FOIA request to the Corps seeking documents related to a Public Notice issued by the Corps on an application pursuant to Section 404 of the Clean Water Act to deposit dredge and fill material in waters of the United States. Plaintiff requested "copies of any and all documents retained by the Little Rock District with regard to SWL 2013-00260," including, but not limited to, correspondence between the Corps

and the company, the permit application, jurisdictional determinations, wetlands and Waters of

the U.S. delineations, proposed mitigation plans, and NEPA documents. The Corps

acknowledged by email that it received the request that same day.

13.     On June 11, 2015, the Corps, acting through its agent and employee, Ms. Nancye

L. Bethurem, Initial Denial Authority, sent a letter to Plaintiff granting the request for a fee

waiver.

14.     On August 19, 2015, Ms. Cissy Guerra, FOIA Officer for the Little Rock District,

informed Plaintiff that "it will take up to 10 weeks to review and redact information."

15.     On August 25, Ms. Guerra sent an email reminding counsel for Plaintiff of the

August 19 communication and adding that the request covered "a voluminous amount of

records" some of which might be "exempt under the Privacy Act or another type of exemption."

She offered to send "the releasable documents within the next few days" or "review/redact all

documents you have requested and your request will be forwarded to office of Counsel,

Southwestern Division, in Dallas, Texas, which is the FOIA denial authority for the Little Rock

District, for further review and final determination."

16.     Also on August 25, in response to Plaintiff's request for clarification, Ms. Guerra

stated that there were 2300 pages of documents which "will have to be reviewed and realistically

redacted under the Privacy Act and probably Exemption 3 then sent to Division for further

review and final determination." She added:

> "I may be assuming and that is why I sent you this email but I would think your main
>
> focus are [sic] the specific requests in your FOIA request, i.e. permit application,
>
> jurisdictional determinations, wetlands and Waters of the U.S. delineations, proposed
>
> mitigation plans, and any NEPA documents, (etc…)."

17.     Also on August 25, counsel for Plaintiff replied, "I am worried that if I just request the 'releasable documents' I would have to file another request for the correspondences later. I wonder if there is a way to send the 'releasable documents' first and then send correspondences later after review/redaction, etc." Ms. Guerra replied, "Yes, I can do that".

18.     On October 16, 2015, Ms. Guerra emailed Plaintiff that she was forwarding the request to the Office of Counsel in Dallas because the information requested "may be exempt from release under FOIA."

19.     On December 8, 2015, the FOIA Officer for the Southwestern Division in Dallas wrote a letter to Plaintiff's counsel informing him that the file was being returned to the Little Rock District because "additional information from the Little Rock District is necessary in order to complete the processing of your request."

20.     To date Plaintiff has received no documents in response to its request.

21.     Plaintiff has exhausted its administrative remedies available under the FOIA.  5 U.S.C. §§ 552(a)(6)(A), (a)(6)(C)(i).

## CLAIM FOR RELIEF

### Unlawful withholding of records under the FOIA

22.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 above.

23.     The materials requested in the FOIA request dated May 29, 2015, are agency records of the Army Corps of Engineers within the meaning of 5 U.S.C. § 552. The Corps did not respond to this request within the statutorily mandated time frame, and Plaintiff has exhausted its administrative remedies because the Corps failed to comply with the applicable response time limit of 20 working days allowed by the statute for the initial request.

24. Plaintiff has a statutory right under the FOIA to the release of some or all of the records it seeks. There is no legal basis for Defendant's failure to release those records promptly.

25. Defendant has not sought an extension of time in the manner provided in 5 U.S.C. § 552(a)(6)(B) nor made any allegation of "unusual circumstances" in order to qualify for an extension thereunder.

26. Defendant has not established any exemption from FOIA but has merely alluded to the possibility that Exemption 3, for matters specifically exempted from disclosure by a statute other than the FOIA, would apply without stating what other statute would specifically exempt the requested information from disclosure, as required by 5 U.S.C. § 552(b)(3); nor has Defendant made any effort to provide "reasonably segregable" portions of the records as required by 5 U.S.C. § 552(b).

27. Based on the nature of Plaintiff's organizational activities, it will undoubtedly continue to employ the FOIA's provisions in information requests to Defendant in the foreseeable future.

28. Plaintiff's organizational activities will be adversely affected if Defendant is allowed to continue violating the FOIA's disclosure provisions as it has in this case.

29. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, Defendant will continue to violate the rights of Plaintiff to receive these public records under the FOIA.

30. Defendant's failure to release the requested records is in violation of the FOIA. 5 U.S.C. § 552(a)(6). The court should order the production of the agency records that have been improperly withheld from MCE. 5 U.S.C. § 552(a)(4)(B).

31.     Plaintiff is entitled to reasonable costs of litigation, including attorneys' fees and costs pursuant to the FOIA.  5 U.S.C. § 552(a)(4)(E).

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

32.     Order Defendant to promptly provide Plaintiff all of the information sought in this action.

33.     Declare Defendant's failure to disclose the information requested by Plaintiff to be unlawful under the FOIA, 5 U.S.C. § 552(a)(6).

34.     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

35.     Grant such other and further relief as the Court deems just and proper.


/s/ Kathleen G. Henry
Kathleen G. Henry (Bar No. MO0001)
Great Rivers Environmental Law Center
319 No. Fourth Street, Ste. 800
St. Louis, Missouri 63102
(314) 231-4181
(314) 231-4184 (facsimile)
khenry@greatriverslaw.org

*Attorneys for Plaintiff*